## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV959 |
| | ) | |
| MARK SHUMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on several motions by Plaintiff Ronald McClary, Defendant Mark Shuman, and Defendant Sergeant Scott. (Docket Entries 16, 19, 25, 26, 27, 29, 32.)

## I. BACKGROUND

Plaintiff is a *pro se* prisoner of the State of North Carolina and was previously incarcerated at Scotland Correctional Institute (hereinafter "Scotland"). (*See* Complaint ¶ IV, Docket Entry 2). On November 16, 2018, Plaintiff filed a complaint against Defendant Shuman as well as "Sgt Scott" and "Ms. Jerald." (*Id.*) Plaintiff alleges Eighth Amendment violations by the Defendants, specifically, that he has not received meals in accordance with the diet prescribed to him by a physician. (*Id.* ¶ V.) He further alleges that Defendants ignored this when he raised the issue with them, and that his health had deteriorated as a result. (*Id.*) Accompanying the complaint are documents related to Plaintiff's attempt to remedy his grievance through the North Carolina Department of Public Safety Administrative

Remedy Procedure as well as Plaintiff's medical condition. (*Id.* at 7-13.) Plaintiff seeks compensatory and punitive damages. (*Id.* ¶ VI).

On December 4, 2018, Plaintiff filed another pleading, titled and docketed as an "amended complaint" against Defendants. (Docket Entry 4.) This document does not provide facts underlying the claim, allege injuries sustained by Plaintiff, or state the relief sought (*id.* ¶¶ IV-VI), but does include additional documents related to Plaintiff's grievance and medical condition (*id.* at 13-18).

On December 6, 2018, summons was issued as to all three Defendants. (Docket Entry 5.) While Defendant Shuman received service of process, (Docket Entry 9), the summonses for Defendants Scott and Jerald were returned unexecuted on February 27, 2019 (Docket Entries 13, 14).

On March 26, 2019, Defendant Shuman filed a motion to dismiss for failure to state a claim (Docket Entry 16) along with an accompanying memorandum (Docket Entry 17). On April 8, 2019, Plaintiff filed a response to Defendant Shuman's motion. (Docket Entry 20.) Defendant Shuman filed a reply brief on April 15, 2019. (Docket Entry 22.)

Plaintiff has also filed several motions. On April 1, 2019, Plaintiff filed a motion for default judgment against Defendants Scott and Jerald. (Docket Entry 19.) On May 22, 2019, Plaintiff filed a motion to appoint counsel to conduct discovery. (Docket Entry 25.) On September 9, 2019, Plaintiff filed a motion for default judgment against "Defendant Vanardo," who is not a party in this case. (Docket Entry 26.) On September 10, 2019, Plaintiff filed another motion to appoint counsel. (Docket Entry 27.) Finally, on September 18, 2019, Plaintiff filed a motion to correct the spelling of Defendant Jerald's name to "Queen

Gerald" and to reissue a summons to her.  (Docket Entry 29.)  No Defendant responded to any of Plaintiff's motions.

On October 9, 2019, the summons for Defendant Scott was reissued.  (Docket Entry 30.)  Defendant Scott received service of process and filed a motion to dismiss for failure to state a claim (Docket Entry 32) along with an accompanying memorandum (Docket Entry 33).  Plaintiff filed a response brief on November 14, 2019.  (Docket Entry 36.)

All seven of the above-mentioned motions are before the Court and ripe for disposition.

## II.     DISCUSSION

### A.  Defendant Shuman and Defendant Scott's Motions to Dismiss

The Court will first address Defendant Shuman and Defendant Scott's motions to dismiss for failure to state a claim.  (Docket Entries 16, 32.)  Because the two Defendants raise similar arguments in favor of their motions, the Court will address them collectively.  As a threshold matter, the Court must consider whether any injunctive or declaratory relief sought by Plaintiff is moot, as he has been transferred from Scotland to another prison.[1]  (*See* Docket Entry 12; Docket Entry 22 at 2.)  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for the purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

---

[1] Defendant Shuman raises this argument in his reply brief (Docket Entry 22 at 2), while Defendant Scott does not raise it at all (Docket Entry 32).  However, the undersigned considers whether claims against either of them are moot because "[m]ootness is a jurisdictional question and may be raised *sua sponte* by a federal court at any stage of proceedings."  *United States v. Spring*, 715 F.3d 535, 540 (4th Cir. 2013) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

However, a case that is not "live," but is "capable of repetition, yet evading review," is not moot. *Murphy*, 455 U.S. at 482. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *see also Incumaa v. Ozmint*, 507 U.S. 281, 286-287 (4th Cir. 2007). Here, Plaintiff is no longer incarcerated at Scotland, and any claims by him for injunctive relief are moot. Nor are the claims here "capable of repetition, yet evading review" if he were to return to Scotland, as "he would have sufficient opportunity to re-initiate an action seeking injunctive relief." *See Rendelman*, 569 F.3d at 186. Therefore, to the extent Plaintiff seeks injunctive or declaratory relief from either Defendant Shuman or Defendant Scott, those claims are moot and should be dismissed.

Defendants Shuman and Scott also seek to dismiss Plaintiff's suit in its entirety, arguing that the second complaint filed by Plaintiff is an amended complaint and supersedes the original complaint. (Docket Entry 17 at 3.) Defendants are correct that an amended complaint supersedes a prior one, *see Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001), and are also correct that the second complaint is titled "Amended" and does not state a claim, injury, or relief sought (*see* Amended Complaint ¶¶ IV-VI). However, despite the document being docketed as an "amended complaint," the Court declines to construe it as such, for two reasons. First, such a characterization of Plaintiff's second complaint would be unduly harsh and formalistic in light of Plaintiff's status as a pro se litigant. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a pro se litigant's pleadings are to be liberally construed); *Fireman's Ins. Co. of Newark, New Jersey v. Herbert*, No. 4:04CV139, 2005 WL 3436091 at *2 (E.D. Va. Dec. 20, 2005) (noting that a "court does not expect a pro se litigant to perfectly comply with all

4

procedural rules).  Second, it is evident from the attachments to the "amended" complaint, which include medical documents and a grievance response not found in the original complaint (*compare* Compl. *with* Am. Compl.), that Plaintiff intended the pleading to function as a supplemental, not amended, complaint.  The undersigned thus recommends denial of Defendants Shuman and Scott's motions to dismiss with regards to all claims not seeking injunctive or declaratory relief.

### B.  Plaintiff's Motion for Default Judgment

The Court next considers Plaintiff's motions "for default judgment" against (1) Defendants Scott and Jerald and (2) "Defendant Vanardo."  (Docket Entries 19, 26.)  Because default has not been entered against any Defendant, the Court construes the motions as motions for entry of default.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."  *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).  Here, at the time of Plaintiff's motion, Defendant Scott, Defendant Jerald, and "Defendant Vanardo" had not received service of process.  (*See* Docket Entries 19, 26.)  Indeed, Defendant Vanardo is not even a party in this action.  (*See* Compl. ¶ IV; Am. Compl. ¶ I(B).)  Therefore, the undersigned will deny these motions.

### C.  Plaintiff's Motions to Appoint Counsel

The Court now considers Plaintiff's motions to appoint counsel.  (Docket Entries 25, 27).  Plaintiff seeks to have counsel appointed to assist in discovery pursuant to 28 U.S.C.

§ 1915(e)(1). (Docket Entry 25 at 1; Docket Entry 17 at 1.) "The Constitution does not compel the appointment of counsel in civil cases." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam). However, this Court may, within its discretion, appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e)(1); *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under section 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court."). The Court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" *Lowery*, 492 F. App'x at 411 (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Exceptional circumstances do not exist in this case. Plaintiff's claim—that he has not received meals in accordance with the diet prescribed to him by a physician and that his health has suffered as a result—is straightforward. (*See* Compl. ¶ V.) Nor does it appear to the Court that Plaintiff lacks the capacity to present his case. Therefore, the motions will be denied.

**D.** **Plaintiff's Motion to Correct Defendant Jerald's Name and Reissue Summons**

Plaintiff has also filed a motion to correct Defendant Jerald's name to "Queen Gerald" and to reissue summons. (Docket Entry 29.) This motion, filed on September 18, 2019, comes more than 90 days after Plaintiff filed his complaint. Generally, if a defendant is not

served within 90 days after the filing of a complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the court may extend time for service of process if plaintiff shows good cause. *Id.* Here, Plaintiff is a pro se litigant who misspelled Defendant "Jerald's" name. Here, the defendant has not yet been served. The Court therefore finds good cause and will order the correction of Defendant "Jerald's" name in the docket and the reissuance of summons to her.

## III.    CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Shuman's Motion to Dismiss (Docket Entry 16) and Defendant Scott's Motion to Dismiss (Docket Entry 32) be **GRANTED** with regard to all claims seeking injunctive or declaratory relief and **DENIED** with regard to all other claims.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendants Scott and Jerald (Docket Entry 19) and Plaintiff's Motion for Default Judgment against "Defendant Vanardo" (Docket Entry 26) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Docket Entries 25, 27) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to correct the spelling of Defendant "Jerald's" name to "Queen Gerald" and reissue summons (Docket Entry 29) be **GRANTED**. The Clerk shall send Plaintiff a summons for Defendant Queen Gerald. Plaintiff must fill out a summons for Defendant Gerald, including an address suitable for service, and then return the summons to the Clerk. Failure to provide the corrected summons

for Defendant Gerald within 30 days of this order may result in the dismissal of the action as to Defendant Gerald.  **IT IS FURTHER ORDERED** that the United States Marshal, upon return of the properly completed summons shall serve the Complaint on Defendant Gerald.


Joe L. Webster
United States Magistrate Judge


December 19, 2019
Durham, North Carolina